**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                                                    Case No. 6:14-cr-225-Orl-37GJK

WILFREDO G. MADERA

_____

**ORDER**

This cause is before the Court on the following:

1.      Defendant's Correspondence to the Court, docketed as a "Motion for Case
        Modification" (Doc. 59), filed June 7, 2016; and

2.      United States' Response to the Defendant's *Pro Se* Motion for Case
        Modification (Doc. 61), filed July 18, 2016.

In November 2005, Defendant was convicted of second-degree sexual abuse and
sexual contact with persons less than 14 years old ("**Crimes**") in New York. (Doc. 36,
p. 4.) Defendant was sentenced to six years' probation and was required to register as a
sex offender under the Sex Offender Registration and Notification Act,
18 U.S.C. § 2250(a) ("**SORNA**"), and to keep his registration current. (*Id.*)

On November 12, 2014, Defendant pled guilty to and the Court adjudicated him
guilty of a violation of SORNA—specifically, failure to keep his sex offender registration
status current. (Doc. 30; *see also* Doc. 16.) As such, on January 26, 2015, the Court
sentenced Defendant to fifteen months' imprisonment and three years of supervised
release. (Doc. 38; *see also* Doc. 39 ("**Judgment**").)

Defendant is now on supervised release; as such, he is subject to the following
pertinent conditions: (1) he must participate in a sex offender mental health program; and

(2) he must submit to polygraph testing for treatment and monitoring purposes. ("**Pertinent Conditions**"). (Doc. 39, p. 4.)

Defendant moves for a modification of the Judgment that would permit him to have contact with his unborn child who is expected to be born on July 28, 2016 ("**Relief**"). (Doc. 59.) In support, Defendant maintains that he is innocent of the crimes for which he was convicted. (*Id.*)

The Government responded, representing that both it and the U.S. Probation Office ("**Probation**") oppose the Relief because Defendant has not complied with the Pertinent Conditions and refuses to accept responsibility for the Crimes—"all of which are required by the sex offender treatment program." (Doc. 61, p. 2.) However, the Government does not oppose a modification permitting Defendant to participate in *supervised* visits with his children, including his unborn son, *if* Defendant completes his outstanding treatment requirements and abides by the other terms of his supervised release. (*Id.* at 3.)

In addition to the Pertinent Conditions, the Judgment reads that Defendant "shall not have any direct contact with minors (under the age of 18) ***except for [his] own child[ren]*** without the written approval of the probation officer." (Doc. 39, p. 4 (emphasis added).) Thus, while the Court is troubled by Defendant's alleged failure to comply with the Pertinent Conditions, absent some other condition of Supervised Release of which the Court is unaware, the Court finds that Defendant is entitled to have direct contact with his biological children, including his soon-to-be-born son, without permission.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the relief requested in Defendant's Correspondence to the Court, docketed as a "Motion for Case Modification"

(Doc. 59) is **DENIED AS MOOT**.

      **DONE AND ORDERED** in Chambers in Orlando, Florida, on July 22, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Party